IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ROGER RIVERA, individually and on behalf of all others similarly situated, § § § § *Plaintiff*, § § v. § § LAREDO PETROLEUM, INC., § § *Defendant*. § § | CIVIL ACTION NO. 7:19-cv-00005-DC<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**DEFENDANT LAREDO PETROLEUM, INC.'S ORIGINAL ANSWER**

**I. ANSWER**

Defendant Laredo Petroleum, Inc., ("Defendant" or "LPI") answers the allegations made by Roger Rivera ("Plaintiff" or "Rivera") in its Complaint as follows:

**"SUMMARY"**

1. LPI admits that Plaintiff has filed a lawsuit against it, and that Plaintiff alleges that LPI owes overtime pay under the Fair Labor Standards Act ("FLSA"). Otherwise, LPI denies the allegations in paragraph 1.

2. LPI denies the allegations in paragraph 2.

3. LPI denies the allegations in paragraph 3.

4. LPI denies the allegations in paragraph 4.

5. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 5.

6. LPI admits that Plaintiff purports to bring this collective action to recover allegedly unpaid overtime wages and other damages.

1

## "JURISDICTION & VENUE"

7. LPI admits that this Court has jurisdiction but only if Plaintiff has satisfied all jurisdictional prerequisites. LPI lacks knowledge sufficient to form a belief as to whether all jurisdictional prerequisites have been satisfactorily completed.

8. LPI admits that venue is proper in the United States District Court for the Western District of Texas.

## "PARTIES"

9. LPI admits that Rivera has filed a consent to be a party plaintiff. LPI denies the remaining allegations in paragraph 9.

10. LPI admits that Plaintiff purports to bring this collective action to recover allegedly unpaid overtime wages and other damages.

11. LPI denies the allegations in paragraph 11.

12. LPI admits that Plaintiff purports to define the Putative Class Members as all oilfield workers who worked for LPI during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime.

13. LPI admits that Plaintiff seeks conditional and final certification of this collective action.

14. LPI admits the allegations in paragraph 14.

## "COVERAGE UNDER THE FLSA"

15. Paragraph 15 is a legal conclusion to which no response is required.

16. Paragraph 16 is a legal conclusion to which no response is required.

17. Paragraph 17 is a legal conclusion to which no response is required.

18. LPI admits the allegations in paragraph 18.

19. LPI denies the allegations in paragraph 19.

20. LPI denies the allegations in paragraph 20.

**"FACTS"**

21. LPI denies the allegations in paragraph 21.

22. LPI denies the allegations in paragraph 22.

23. LPI denies the allegations in paragraph 23.

24. LPI denies the allegations in paragraph 24.

25. LPI denies the allegations in paragraph 25.

26. LPI denies the allegations in paragraph 26.

27. LPI denies the allegations in paragraph 27.

28. LPI denies the allegations in paragraph 28.

29. LPI admits the allegations in paragraph 29.

30. LPI denies the allegations in paragraph 30.

31. LPI denies the allegations in paragraph 31.

32. LPI lacks sufficient information to admit or deny the allegations in paragraph 32.

33. LPI denies the allegations in paragraph 33.

34. LPI denies the allegations in paragraph 34.

35. LPI denies the allegations in paragraph 35.

36. LPI denies the allegations in paragraph 36.

37. LPI denies the allegations in paragraph 37.

38. LPI denies the allegations in paragraph 38.

39. LPI denies the allegations in paragraph 39.

40. LPI denies the allegations in paragraph 40.

41. LPI denies the allegations in paragraph 41.

42. LPI denies the allegations in paragraph 42.

43. LPI admits the allegations in paragraph 43.

44. LPI lacks sufficient information to admit or deny the allegations in paragraph 44.

45. LPI denies the allegations in paragraph 45.

46. LPI denies the allegations in paragraph 46.

47. LPI denies the allegations in paragraph 47.

48. LPI denies the allegations in paragraph 48.

49. LPI denies the allegations in paragraph 49.

50. LPI denies the allegations in paragraph 50.

51. LPI denies the allegations in paragraph 51.

52. LPI denies the allegations in paragraph 52.

53. LPI denies the allegations in paragraph 53.

54. LPI denies the allegations in paragraph 54.

55. LPI denies the allegations in paragraph 55.

56. LPI denies the allegations in paragraph 56.

57. LPI admits the allegations in paragraph 57.

58. LPI admits the allegations in paragraph 58.

59. LPI denies the allegations in paragraph 59.

60. LPI denies the allegations in paragraph 60.

61. LPI denies the allegations in paragraph 61.

62. LPI denies the allegations in paragraph 62.

63. LPI denies the allegations in paragraph 63.

64. LPI denies the allegations in paragraph 64.

65. LPI admits the allegations in paragraph 65.

66. LPI admits the allegations in paragraph 66.

67. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 67.

68. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 68.

69. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 69.

## "FLSA VIOLATIONS"

70. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 70.

71. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 71.

72. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 72.

73. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 73.

## "COLLECTIVE ACTION ALLEGATIONS"

74. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 74.

75. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 75.

76. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 76.

77. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 77.

78. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 78.

79. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 79.

80. LPI denies the allegations in paragraph 80.

81. This is a legal assertion to which no answer is required. To the extent a response is required, LPI denies the allegations in paragraph 81.

82. LPI lacks sufficient information to admit or deny the allegations in paragraph 82.

83. LPI denies the allegations in paragraph 83.

84. LPI denies the allegations in paragraph 84.

85. LPI denies the allegations in paragraph 85.

86. LPI denies the allegations in paragraph 86.

87. LPI denies the allegations in paragraph 87.

88. LPI denies the allegations in paragraph 88.

89. LPI denies the allegations in paragraph 89.

90. LPI denies the allegations in paragraph 90.

91. LPI denies the allegations in paragraph 90.

## "JURY DEMAND"

92. LPI has no objection to this case proceeding to a trial by jury.

## II. LPI'S AFFIRMATIVE DEFENSES

1. By asserting these defenses as they pertain both to the named Plaintiff and prospective members of the proposed Class, LPI does not waive its assertion that that this case is not an appropriate one for treatment as a collective action. Furthermore, LPI asserts that it only bears the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims brought on behalf of himself and the putative members of the purported class fail to state a claim upon which relief can be granted.

4. Plaintiff's claims brought on behalf of himself and the putative members of the purported class are barred by the statute of limitations.

5. Plaintiff and the putative members of the purported class have waived their right to sue for overtime.

6. LPI at all times acted in good faith with reasonable grounds for believing that it had not violated federal law.

7. This case may not be maintained as a class or collective action because the named Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom he purports to represent and, thus, he cannot establish the existence of each requirement under 29 U.S.C. § 216.

8. Any violations of the FLSA were not willful, were not ratified by LPI, and were not in reckless disregard of the requirements of the FLSA, and therefore any claims must be measured against a two-year statute of limitations.

9. Some or all of the claims asserted by Plaintiff and others alleged to be similarly situated are barred, or their claims for damages should be reduced, to the extent they were paid extra compensation which is creditable to or an offset against the relief sought in this action.

10. The types of claims alleged by Plaintiff on behalf of himself and those alleged to be similarly situated are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment under 29 U.S.C. § 216(b).

11. The claims of the alleged persons on whose behalf Plaintiff purports to complain may be barred by failure to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

12. Plaintiff's claims brought on behalf of himself and the putative members of the purported class cannot be maintained on a class-action basis because class certification is inappropriate due to LPI's lawful policies.

13. Plaintiff and the putative members of the purported class have failed to mitigate their damages.

14. Plaintiff and the putative members of the purported class were independent contractors and not employees under the FLSA.

15. LPI reserves the right to amend this Original Answer to plead any additional affirmative defenses or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the Complaint.

## III.  DEFENDANT'S PRAYER FOR RELIEF

All allegations that are not expressly admitted herein are hereby expressly denied.  LPI reserves the right to amend this Original Answer in accordance with any order entered by the Court and/or the applicable Federal Rules of Civil Procedure.

LPI requests that judgment be granted in its favor dismissing all claims asserted by Plaintiff, that it recovers its costs in connection to this matter, and that the Court grant it all other relief to which it is entitled.

| Date: January 30, 2019 | Respectfully submitted, |
|---|---|
| | **AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.** |
| | */s/ Todd W. Mensing* |
| | Todd W. Mensing |
| | Texas Bar No. 24013156 |
| | Joseph Y. Ahmad |
| | Texas Bar No. 00941100 |
| | 1221 McKinney Street, Suite 2500 |
| | Houston, Texas 77010 |
| | Tel: (713) 655-1101 |
| | Fax: (713) 655-0062 |
| | tmensing@azalaw.com |
| | joeahmad@azalaw.com |
| | **COUNSEL FOR DEFENDANT LAREDO PETROLEUM, INC.** |

## CERTIFICATE OF SERVICE

I certify that on January 30, 2019 a true and correct copy of the above and foregoing has been served via CM/ECF on all counsel of record.

                                                              */s/ Todd. W. Mensing*
                                                              Todd W. Mensing

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com
**ATTORNEYS FOR PLAINTIFF ROGER RIVERA**