IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ROGER RIVERA, individually and on behalf of all others similarly situated; *Plaintiff*, | § § § § |
| v. | § § |
| LAREDO PETROLEUM, INC., *Defendant*. | § § § § § |

Case No.  7:19-CV-0005-DC-RCG

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff's Motion to Strike Certain Affirmative Defenses (Motion to Strike). (Doc. 11). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 10). Based on the relevant filings and applicable law, Plaintiff's Motion to Strike should be **DENIED WITHOUT PREJUDICE**. (Doc. 11).

### I.    BACKGROUND

This case is brought under the Fair Labor Standards (FLSA), 29 U.S.C. §§ 201, *et seq.*, by Plaintiff Roger Rivera (Plaintiff), on behalf of himself and similarly situated current or former employees of Defendant Laredo Petroleum, Inc. (Defendant). (Doc. 1). Plaintiff seeks unpaid overtime wages plus liquidated damages, attorney fees, and costs. *Id*.

Defendant filed its Original Answer on January 30, 2019, asserting numerous affirmative defenses. (Doc. 6). On February 13, 2019, Plaintiff filed the instant Motion to Strike, arguing that four of Defendant's affirmative defenses were "insufficient as a matter of law." (Doc. 11). On March 1, 2019, Defendant filed an Amended Answer, providing further factual support of its affirmative defenses. (Doc. 12). Also on March 1, 2019, Defendant filed a Response to the Motion to Strike. (Doc. 13). On March 8, 2019, Plaintiff filed a Reply. (Doc. 15).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979). The standard for affirmative defenses is that they must contain "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). Finally, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011); *Stross v. Active Network, LLC*, No. 1:19-CV-8-RP, 2019 WL 2213883, at *4 (W.D. Tex. May 5, 2019).

## III. DISCUSSION

Plaintiff moves to strike the following affirmative defenses: (1) unclean hands; (2) waiver; (3) offset; and (4) failure to mitigate. (Doc. 11). Defendant argues that the additional factual support provided in its Amended Answer renders the Motion to Strike moot or, in the alternative, that it has alleged sufficient facts to support its defenses. (Doc. 13 at 1–2).

A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Stross*, 2019 WL 2213883, at *4 (citing *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)). This "fair notice" requirement is met "if the defendant sufficiently articulated the defense so that the

plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362. Additionally, the Fifth Circuit has found that in some cases, "merely pleading the name of the affirmative defense" is enough. *Id*. Importantly, a motion to strike an affirmative defense will generally not be granted absent a showing of prejudice to the moving party. *Conn*, 823 F. Supp. 2d at 446.

Here, Plaintiff has shown no prejudice or unfair surprise resulting from the way in which Defendant plead its affirmative defenses. *See Conn*, 823 F. Supp. 2d at 446; *Stross*, 2019 WL 2213883, at *4. The affirmative defenses at issue, particularly with the additional factual support provided by Defendant in the Amended Answer, provide Plaintiff with fair notice and there is no indication that they would submit Plaintiff to "unfair surprise." *Woodfield*, 193 F.3d at 362

Additionally, Plaintiff argues in his Reply that Defendant has "essentially" asserted a counterclaim for fraud based on Defendant's allegation that Plaintiff submitted false or inflated invoices to Defendant. (Doc. 15 at 2–3). Plaintiff claims that because Defendant is essentially asserting a counterclaim for fraud, Defendant was obligated to plead with heightened particularity. *Id*. The Court should find that Defendant's assertions regarding Plaintiff submitting false or inflated invoices do not constitute a counterclaim for fraud and, because Plaintiff has failed to show any prejudice, should not be the basis to strike any defenses from the Amended Answer.

For these reasons, the Court should deny without prejudice Plaintiff's Motion to Strike. (Doc. 11). However, if Defendant's failure to sufficiently articulate a particular defense later results in prejudice, the Court should allow Plaintiff to resubmit his motion to strike that defense. For now, the Court should deny the motion without prejudice.

### IV.   RECOMMENDATION

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's Motion to Strike be **DENIED WITHOUT PREJUDICE**. (Doc. 11).

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party *has not been served* by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 15th day of August, 2019.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE